PETER D. KEISLER
Assistant Attorney General

EUGENE M. THIROLF
Director, Office of Consumer Litigation

ELIZABETH STEIN (VA Bar No. 15288)
Attorney, Office of Consumer Litigation
Civil Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C.  20530
Telephone: 202-307-0066
Facsimile: 202-514-8742
Email:  Elizabeth.Stein2@usdoj.gov

Attorneys for Plaintiff United States of America

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>        v.<br><br>YESMAIL, INC, d/b/a @ONCE CORPORATION,    a Delaware corporation,<br><br>        Defendant. | Civ. No. **C-06-6611**<br><br>STIPULATED FINAL ORDER FOR CIVIL PENALTIES AND PERMANENT INJUNCTIVE RELIEF |

     Plaintiff, the United States of America, acting upon

notification and authorization to the Attorney General by the

Federal Trade Commission ("FTC" or the "Commission"), pursuant

to Section 16(a)(1) of the Federal Trade Commission Act ("FTC

Act"), 15 U.S.C. § 56(a)(1), has filed a complaint pursuant to

Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC

Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b

and under Section 7(a) of the Controlling the Assault of Non-

Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or

the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil

penalties, a permanent injunction, and other equitable relief for

Defendant's violations of Section 5(a) of CAN-SPAM, 15 U.S.C.

§ 7704(a). Defendant has waived service of the Summons and

Complaint; the parties have been represented by the attorneys

whose names appear hereafter; and the parties have agreed to

settlement of this action upon the following terms and

conditions, without adjudication of any issue of fact or law and

without Defendant admitting liability for any of the matters

alleged in the Complaint.

THEREFORE, on the joint motion of the parties, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

### FINDINGS

1.    This Court has jurisdiction over the subject matter of

this action pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a),

57b, and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

2.    Plaintiff and Defendant consent to jurisdiction and venue in this District.

3.    The activities of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    The complaint states a claim upon which relief may be granted against Defendant under Section 5(a) of the CAN-SPAM Act, 15 U.S.C. § 7704(a), and Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b.

5.    Defendant has entered into the stipulated Judgment and Order for Permanent Injunction ("Order") freely and without coercion.

6.    Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this Order.

7.    Defendant agrees that this Order does not entitle Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any rights to attorneys' fees that may arise under said provision of law.

8.    Entry of this Order is in the public interest.

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1.      "Commercial electronic mail ('email') message" means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose) and that further satisfies the requirements of 16 C.F.R. 316.1 *et seq*, as it exist now and may be amended.

2.      Unless otherwise specified, "Defendant" means Yesmail, Inc., d/b/a @Once Corporation, and its successors, assigns, affiliates, or subsidiaries.

3.      "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or non-identical

copy is a separate document within the meaning of the term.

4.   "Electronic mail ('email') address" means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an electronic mail message can be sent or delivered.

5.   "Electronic mail ('email') message" means a message sent to a unique electronic mail address.

6.   "Initiate," when used with respect to a commercial electronic mail message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message.  For purposes of this Order, more than one person may be considered to have initiated a message.

7.   "Person" means a natural person or a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an

association, cooperative, or agency, or other group or
combination acting as an entity.

8.   "Procure," when used with respect to the initiation of
a commercial electronic mail message, means
intentionally to pay or provide other consideration to,
or induce, another person to initiate such a message on
one's behalf.

9.   "Recipient," when used with respect to a commercial
electronic mail message, means an authorized user of
the electronic mail address to which the message was
sent or delivered.  If a recipient of a commercial
electronic mail message has one or more electronic mail
addresses in addition to the address to which the
message was sent or delivered, the recipient shall be
treated as a separate recipient with respect to each
such address.  If an electronic mail address is
reassigned to a new user, the new user shall not be
treated as a recipient of any commercial electronic
mail message sent or delivered to that address before
it was reassigned.

10.  "Sender," when used with respect to a commercial
     electronic mail message, means a person who initiates
     such a message and whose product, service, or Internet
     web site is advertised or promoted by the message.

**<u>ORDER</u>**

**I.   PROHIBITION AGAINST VIOLATING THE CAN-SPAM ACT**

IT IS THEREFORE ORDERED that Defendant and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from violating the CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*, attached hereto as Appendix A, and as it may be amended, by, including, but not limited to, initiating the transmission of a commercial email message that:

A.   Does not contain a functioning return email address or
     other Internet-based mechanism, clearly and
     conspicuously displayed, that (i) a recipient may use
     to submit, in a manner specified in the message, a
     reply email message or other form of Internet-based
     communication requesting not to receive future
     commercial email messages from that sender at the email

address where the message was received; and (ii)
remains capable of receiving such messages or
communications for no less than 30 days after the
transmission of the original message;

B.    Does not include clear and conspicuous notice of the
opportunity to decline to receive further commercial
email from the sender; and

C.    Is sent to a recipient's email address more than ten
business days after the sender or the person who
initiated such a message receives a request from that
recipient not to receive future commercial email
messages from the sender at the recipient's email
address.

## II.   CIVIL PENALTIES

IT IS FURTHER ORDERED that Defendant shall pay to Plaintiff
a civil penalty, pursuant to section 5(m)(1)(A) of the Federal
Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), in the amount of
$50,717 as follows:

A.    Defendant shall make the payment required by this Part
within ten (10) business days of the date of entry of
this Order by electronic fund transfer or certified or
cashier's check in accordance with the instructions

Final Order, C-06-6611 SBA    Page 8 of 17

provided by the Office of Consumer Litigation, Civil

Division, U.S. Department of Justice, Washington, D.C.

20530, for appropriate disposition; and

B.   In the event of any default in payment, which default

continues for ten (10) business days beyond the due

date of payment, the entire unpaid penalty, together

with interest, as computed pursuant to 28 U.S.C.

§ 1961, from the date of default to the date of

payment, shall immediately become due and payable.

### III.   COMPLIANCE REPORTING BY DEFENDANT

IT IS FURTHER ORDERED that, in order that compliance with

the provisions of this Order may be monitored:

A.   For a period of five (5) years from the date of entry

of this Order, Defendant shall notify the Commission of

any changes in corporate structure that may affect

compliance obligations arising under this Order,

including but not limited to a dissolution, assignment,

sale, merger, or other action that would result in the

emergence of a successor entity; the creation or

dissolution of a subsidiary, parent, or affiliate that

engages in any acts or practices subject to this Order;

the filing of a bankruptcy petition; or a change in the

corporate name or address, at least seven (7) days

prior to such change, *provided* that, with respect to

any proposed change in the corporation about which

Defendant learns less than seven (7) days prior to the

date such action is to take place, Defendant shall

notify the Commission as soon as is practicable after

obtaining such knowledge;

B.   One hundred eighty (180) days after the date of entry

of this Order, Defendant shall provide a written report

to the FTC, sworn to under penalty of perjury, setting

forth in detail the manner and form in which it has

complied and is complying with this Order.  This report

shall include, but not be limited to:

1.   A copy of each acknowledgment of receipt of this

Order, obtained pursuant to Section V of this

Order; and

2.   Any changes required to be reported pursuant to

subsection A of this Section;

C.   For the purposes of this Order, Defendant shall, unless

otherwise directed in writing by the Commission's

authorized representatives, mail all written

notifications to the Commission to:

Final Order, C-06-6611 SBA     Page 10 of 17

                    Associate Director for the
                    Division of Enforcement
                    Federal Trade Commission
                    601 New Jersey Avenue, N.W.
                    Washington, D.C.  20580
                    Re:  United States v. Yesmail, Inc.
                         Civ. No. _____

D.   For the purposes of this Order, Defendant shall, unless

     otherwise directed in writing by a representative of

     Plaintiff, identify all written notifications required

     to be sent to Plaintiff as in reference to

     DJ# 102-3371, and mail them to:

                    Director, Office of Consumer Litigation
                    U.S. Department of Justice - Civil Division
                    P.O. Box 386
                    Washington, D.C.  20044

E.   For purposes of the compliance reporting and monitoring

     required by this Order, representatives of Plaintiff

     and the Commission are authorized to communicate

     directly with Defendant's officers.

### IV.  RECORD KEEPING PROVISIONS

     IT IS FURTHER ORDERED that, for a period of five (5) years

from the date of entry of this Order, Defendant is hereby

restrained and enjoined from failing to create and retain the

following records in connection with the marketing, advertising,

promotion, offering for sale, or sale of goods or services, via

Final Order, C-06-6611 SBA    Page 11 of 17

commercial email messages, and from failing to make such records
(or reports concerning such records) available for inspection and
copying within ten (10) days of receipt of a written request from
a representative of Plaintiff or Commission:

    A.    Standard accounting records generated in the ordinary
course of business including, but not limited to,
balance sheets, income statements, and annual reports;

    B.    Records accurately reflecting during their employment:
the name, physical address, and telephone number of
each person employed by Defendant, including as an
independent contractor, with responsibilities relating
to compliance with this Order; that person's job title
or position; the date upon which the person commenced
work; and the date and reason for the person's
termination, if applicable;

    C.    Records that reflect, for every written or oral
consumer complaint received by Defendant relating to
the activities of promoting goods and services via
commercial email messages, whether directly or
indirectly or through any third party, (1) the name,
address, and telephone number provided by the
complaining consumer; (2) the written complaint or

request, if any; (3) the basis of the complaint or request if known; (4) the nature and result of any investigation conducted concerning the complaint or request;(5) each response and the date of such response to the complaint or request; (6) any final resolution of the complaint or request, and the date of such resolution; and (7) in the event of a denial of any resolution, the reason for the denial; and

D.   All other records and documents reasonably necessary to demonstrate full compliance with each provision of this Order, including but not limited to, all documents obtained, created, generated or which in any way relate to the requirements, provisions, or terms of this Order, copies of signed and dated acknowledgments of receipt of this Order, and all reports submitted to the FTC pursuant to this Order.

## V.   DISTRIBUTION OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of this Order as directed below:

A.   Defendant must deliver a copy of this Order to all its officers, directors, and managers.  Defendant must also deliver a copy of this Order to all its employees, agents, independent contractors, and persons who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order.  For new personnel, delivery shall occur prior to their assuming their responsibilities; and

B.   Defendant must secure a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy or summary of this Order pursuant to this Part.

## VI.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## VII.   FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

**VIII.   SEVERABILITY**

IT IS FURTHER ORDERED that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

**IX.   RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**X.   COMPLETE SETTLEMENT**

The parties, by their respective counsel, hereby consent to entry of the foregoing Order, which shall constitute a final judgment and order in this matter.  The parties further stipulate and agree that the entry of the foregoing Order shall constitute full, complete, and final settlement of this action.

1

2    FOR THE PLAINTIFF:

3
     UNITED STATES OF AMERICA:
4

5    PETER D. KEISLER
     Assistant Attorney General
6

7    EUGENE M. THIROLF
     Director, Office of Consumer Litigation
8
      /S/ Elizabeth Stein
9    ELIZABETH STEIN
     Attorney, Office of Consumer Litigation
10   Civil Division
     United States Department of Justice
11   950 Pennsylvania Ave., NW
     Washington, D.C.  20530
12   Telephone: 202-307-0066
     Facsimile: 202-514-8742
13   Email:   Elizabeth.Stein2@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

FOR THE FEDERAL TRADE COMMISSION


 /S/ Lois C. Greisman
LOIS C. GREISMAN
Associate Director for Marketing Practices

 /S/ Karen S. Hobbs
Karen S. Hobbs
Attorney, Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C.  20580


FOR THE DEFENDANT:

 /S/ Trent J. Martinet
Trent J. Martinet
Erickson & Sederstrom, P.C.
One Regency Westpointe
10330 Regency Parkway Drive
Omaha, NE 68114

 /S/ Fred Vakili
Yesmail, Inc., d/b/a @Once Corporation
Fred Vakili, President
959 Skyway Road
Suite 150
San Carlos, California 94070




        **SO ORDERED**  this 9TH day of February, 2007.


                      _Saundra B Armstrong_
                      United States District Judge